J. S23041/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM HARVEY, | : | No. 645 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered February 13, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0014937-2010,
CP-51-CR-0014981-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM HARVEY, | : | No. 646 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered February 13, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0014937-2010,
CP-51-CR-0014981-2010

BEFORE:  NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          Filed: August 20, 2020

William Harvey appeals from the February 13, 2019 order entered by

the Court of Common Pleas of Philadelphia County denying appellant's petition

filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth the following procedural history:

> On October 29, 2010, [appellant] was arrested and charged under two bills of information with three counts [of] aggravated assault and one count each of conspiracy, possession of a firearm prohibited, carrying firearms without a license and possession of an instrument of crime.[1]  On February 13, 2013, at the conclusion of his jury trial, [appellant] was found guilty on all charges except for one count of aggravated assault.  On April 24, 2013, [appellant] was sentenced to a total aggregate period of confinement of 22 to 50 years.
>
> On September 3, 2013, [appellant's] timely motion for post-sentence relief was denied by operation of law.  On September 3, 2013, [appellant] timely filed a direct appeal to the Superior Court of Pennsylvania, at 121 EDA 2014, which affirmed his judgment of sentence on October 18, 2016.
>
> On May 9, 2017, [appellant] filed the subject timely ***pro se*** PCRA petition . . . at CP-51-CR-0014937-2010 only, seeking a new trial, alleging ineffectiveness of counsel.  On May 17, 2017, Brandi L. McLaughlin, Esq., was appointed as counsel to represent [appellant] for the purposes of his PCRA petition.  On June 8, 2017, [appellant] filed a ***pro se*** amended PCRA petition, again at CP-51-CR-0014937-2010 only.  On September 1, 2017, the [PCRA c]ourt granted counsel's petition to withdraw.  On September 7, 2017, Demetra Mehta, Esq., was appointed as counsel to represent [appellant] for the purposes of his PCRA petition.  On October 16, 2018, the Commonwealth filed a motion to dismiss [appellant's] PCRA petition and [appellant] filed a counseled supplemental amended PCRA petition, at

---

[1] 18 Pa.C.S.A. §§ 2702(a), 903(a), 6105(a), 6106(a), and 907(a), respectively.

> both CP-51-CR-0014937-2010 and CP-51-CR-00214981-2010. On December 12, 2018, the [PCRA c]ourt, after a hearing and careful review of the record, issued its notice pursuant to Pa.R.Crim.P. [] 907 of its intent to dismiss [appellant's] petition within twenty days of the date of its notice. On December 28, 2018, [appellant] filed a ***pro se*** response to the [PCRA c]ourt's 907 notice at CP-51-CR-0014937-2010 only. On January 16, 2019, the [PCRA c]ourt, after a hearing and review of [appellant's] response, again issued its notice pursuant to Pa.R.Crim.P. [] 907 of its intent to dismiss [appellant's] petition within twenty days of the date of its notice. On February 13, 2019, the [PCRA c]ourt, after a hearing and a careful review of the record, dismissed [appellant's] petition as being without merit.
>
> On March 5, 2019, [appellant] timely filed the instant notice of appeal to the Superior Court. On March 18, 2019, [the PCRA c]ourt filed and served on [appellant] an order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [appellant] to file and serve a statement of errors complained of on appeal, within twenty-one days of the [PCRA c]ourt's order. On April 8, 2019, [appellant] timely filed his statement of errors . . . [.]

PCRA court opinion, 9/12/19 at 1-3 (footnote and extraneous capitalization omitted). On September 12, 2019, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

On February 18, 2020, we issued an order directing appellant to show cause why his appeal should not be quashed pursuant to our supreme court's holding in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). Appellant filed a timely response, and this court discharged the rule to show case,

- 3 -

referring the issue to the merits panel. This court consolidated appellant's appeals **sua sponte** on March 27, 2020.

Before we can address the merits of appellant's appeal, we must first determine whether appellant filed a notice of appeal in compliance with our Rules of Appellate Procedure. In **Walker**, our supreme court provided a bright-line mandate requiring that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. **Id.** at 971, 976-977. The **Walker** court applied its holding prospectively to any notices of appeal filed after June 1, 2018. **Id.** at 971. In the instant case, the notices of appeal were filed on March 5, 2019, and therefore, the **Walker** mandate applies. The appeal was of a single order resolving issues arising on both docket numbers. A review of the record demonstrates that appellant filed separate notices of appeal at each docket number; however, both notices of appeal referenced both docket numbers in their respective captions. A recent **en banc** panel of this court held that such a practice does not invalidate appellant's separate notices of appeal. **Commonwealth v. Johnson**, ___ A.3d ___, 2020 WL 3869723 at *4-5 (Pa.Super. July 9, 2020) (**en banc**). Accordingly, we shall consider the merits of appellant's appeal.

Appellant raises the following issue for our review:

> Did the PCRA court incorrectly dismiss the PCRA petition without conducting an evidentiary hearing into trial counsel's failure to interview and then introduce at trial alibi witnesses[?]

J. S23041/20

Appellant's brief at 6.

Appeals following the denial of a PCRA petition are subject to the following standard of review:

> Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa. 1997). We will not disturb findings that are supported by the record. ***Commonwealth v. Yager***, 685 A.2d 1000, 1003 (Pa.Super. 1986) (***en banc***).

***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011), ***appeal denied***, 30 A.3d 487 (Pa. 2011).

Preliminarily, we note that the PCRA court determined that it did not have jurisdiction over the collateral challenge to appellant's conviction at Docket No. CP-51-CR-0014981-2010. (PCRA court opinion, 9/12/19 at 4.) Specifically, the PCRA court stated that appellant's ***pro se*** and amended ***pro se*** PCRA petitions filed on May 9, 2017, and June 8, 2017, respectively, only referenced Docket No. CP-51-CR-0014937-2010. (***Id.***) Appellant's counseled amended PCRA petition, filed on October 16, 2018, referenced both Docket No. CP-51-CR-0014937-2010 and, for the first time, Docket No. CP-51-CR-0014981-2010. (***Id.***)

The PCRA requires that any petition for collateral relief be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of

- 5 -

direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa.Super. 2014), quoting 42 Pa.C.S.A. § 9545(b)(3).

> "[T]he time limitations pursuant to . . . the PCRA are jurisdictional." ***Commonwealth v. Fahy***, [] 737 A.2d 214, 222 ([Pa.] 1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." ***Id.*** "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa.Super. 2008).

***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa.Super. 2011), ***appeal denied***, 47 A.3d 845 (Pa. 2012).

Our supreme court, however, has repeatedly held that when an otherwise timely PCRA petition is supplemented, the time restrictions of the PCRA do not apply to the amendment or supplement. ***Commonwealth v. Crispell***, 193 A.3d 919, 929 (Pa. 2018), citing ***Commonwealth v. Flanagan***, 854 A.2d 489, 499 (Pa. 2004) ("holding that amended petitions are not independently subject to the PCRA's time bar").

Here, we agree with the Commonwealth's argument:

> [T]his is not a case in which a party improperly sought to evade the time bar by amending a previously filed petition to include unrelated docket numbers involving discrete claims. Rather, [appellant]—who had not yet received the benefit of the representation by counsel

to which he was entitled—inadvertently omitted a docket number on **pro se** filings that involved precisely the same claim as the one later raised by counsel.

Commonwealth's brief at 9 n.5 (citation omitted). Accordingly, we find that appellant's PCRA petition was timely filed as to both docket numbers, and we shall proceed to review the merits of appellant's petition.

On appeal, appellant raises an ineffective assistance of counsel claim as it relates to his trial counsel, Berto M. Elmore, Esq.

> To be entitled to relief on an ineffective assistance claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. **Commonwealth v. Chmiel**, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from **Commonwealth v. Pierce**, 527 A.2d 973, 975-976 (Pa.1987).[Footnote 5] Counsel is presumed to have rendered effective assistance. **Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. **Commonwealth v. Jones**, 912 A.2d 268, 278 (Pa. 2006). Finally, because a PCRA petitioner must establish all the **Pierce** prongs to be entitled to relief, we are not required to analyze the elements of ineffective assistance claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis. **Ali**, 10 A.3d at 291.
>
>> [Footnote 5] **Pierce** reiterates the preexisting three-prong test for ineffective assistance of counsel in Pennsylvania and holds it to be consistent with the two-prong performance and

> prejudice test in ***Strickland v. Washington***, 466 U.S. 668, [] (1984). ***Pierce***, 527 A.2d 976-977.

***Commonwealth v. Trieber***, 121 A.3d 435, 445 (Pa. 2015).

> Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

***Commonwealth v. Spotz***, 84 A.3d 294, 311-312 (Pa. 2014) (citations and quotations omitted).

Appellant's sole issue on appeal is whether the PCRA court erred in finding that trial counsel rendered effective assistance of counsel, despite not calling Genay Scott ("Ms. Scott") to testify on appellant's behalf at trial. (Appellant's brief at 14.)

When evaluating whether counsel was ineffective for failing to call a potential witness, we are bound by the following standard:

> When raising a failure to call a potential witness claim, the PCRA petitioner satisfies the performance and prejudice requirements of the ***Strickland*** test by establishing that:
>
> > (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; and (4) the absence of the testimony of

> the witness was so prejudicial as to have denied the defendant a fair trial.
>
> ***Commonwealth v. Washington***, [] 927 A.2d 586, 599 ([Pa.] 2007). To demonstrate ***Strickland*** prejudice, the PCRA petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." ***Commonwealth v. Gibson***, [] 951 A.2d 1110, 1134 ([Pa.] 2008); ***see also Commonwealth v. Chmiel***, [] 889 A.2d 501, 546 ([Pa.] 2005) ("Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness's testimony would have been beneficial or helpful in establishing the asserted defense.").

***Commonwealth v. Johnson***, 966 A.2d 523, 536 (Pa. 2009).

As noted above, at issue here is Ms. Scott's potential testimony. In his amended PCRA petition, appellant indicates that Ms. Scott would have testified as follows:

> Had [Ms.] Scott been called to testify she would have testified that she was with [appellant] at the time of the shooting and [when] walking back from a store, they heard the shooting, [and] ran to get the children who were out playing. Ms. Scott would have testified [appellant] was in her company until late [ in] the evening and knew he was with her at the time of the shooting because she heard the shots while he was with her. Additionally, [Ms.] Scott would testify Berto Elmore's investigator never contacted her.

Appellant's supplemental amended PCRA petition, 10/16/18 at ¶ 23.

As noted by the Commonwealth, Ms. Scott's proffered testimony would have contradicted the testimony that appellant's girlfriend, Shakeema Scott ("Shakeema"), gave at trial. (***See*** Commonwealth's brief at 13.) Indeed, the

record reflects that during trial, Shakeema testified that appellant was at her house at the time of the shooting, along with her neighbor, whom she identified as Khadijah. (Notes of testimony, 2/13/13 at 137; *see also id.* at 154, 160-161.) Shakeema testified that there were no other people in her house at that time. (*Id.* at 137.) Shakeema further testified that immediately after she heard the gunshots, appellant assisted her in bringing her children, who were playing outside, into the house. (*Id.* at 145.)

Based on Shakeema's testimony during trial, appellant fails to establish that Ms. Scott's proffered testimony would have been beneficial under the circumstances of the case, as it would have been contradictory to Shakeema's testimony. *See Gibson*, 951 A.2d at 1134; *Johnson*, 966 A.2d at 536. Accordingly, we find that the PCRA court denial of appellant's PCRA petition is supported by the record, and we discern no error of law.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/20